UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL CUMMINGS,<br>PATRICK CARIC,<br><br>    Plaintiffs,<br><br>      v.<br><br>THE MARION COUNTY SHERIFF,<br>THE CONSOLIDATED CITY OF<br>INDIANAPOLIS AND MARION COUNTY[1],<br><br>    Defendants. | No. 1:17-cv-00103-JPH-MPB |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Michael Cummings and Patrick Caric seek monetary damages based on allegations that they were illegally detained for over forty-eight hours without probable cause determinations.  Because the time spent in custody was credited to the sentences imposed pursuant to their plea agreements, they do not have a redressable injury as required for Article III standing.  Accordingly, Defendants' motion for summary judgment, dkt. [55], is **GRANTED**; Plaintiffs' motions for summary judgment, dkt. [44], dkt. [47], are **DENIED**; and Plaintiffs' motion to amend the complaint, dkt. [64], is **DENIED as moot**.

**I.**
**Facts and Background**

The parties have filed cross-motions for summary judgment under Federal Rule of Civil Procedure 56(a).  Because Defendants have moved for

---

[1] The Consolidated City of Indianapolis and Marion County was named as a defendant for any joint responsibility it may share with the Sheriff.  Dkt. 1-2 at 19–20 (¶ 54).

summary judgment, the Court views and recites the evidence in the light most favorable to Plaintiffs and draws all reasonable inferences in their favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  Since Plaintiffs have also moved for summary judgment, the Court would normally interpret the evidence in the light most favorable to Defendants when considering their motions.  *See Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016).  That's not necessary here, however, because even when all evidence is interpreted in Plaintiffs' favor, Defendants are entitled to summary judgment.

### A. Plaintiffs were arrested and charged

In the early morning hours of December 15, 2014, police officers found Plaintiffs in the stairwell of a fraternity house on Butler University's campus. Dkt. 46-4 at 4; dkt. 49-4 at 4.  One of the officers smelled burnt marijuana. Dkt. 46-4 at 4; dkt. 49-4 at 4.  Members of the fraternity said that Plaintiffs were not members and did not have permission to be on the property.  Dkt. 46-4 at 7; dkt. 49-4 at 7.  At 1:55 a.m., Plaintiffs were arrested without warrants and taken to the Marion County Jail.[2]  Dkt. 46-1; dkt. 49-1.

On December 16, 2014, a Deputy Prosecuting Attorney signed an Affidavit for Probable Cause.  Dkt. 56-1.  The next day, the Prosecuting Attorney filed an Information charging Plaintiffs with criminal trespass and

---

[2] Defendants argue that the motion for summary judgment should be based on judicial admissions contained in the complaint rather than on the evidence.  *See* dkt. 57 at 8–10. Because Plaintiffs have not established standing, the Court does not address this argument and recites the facts as supported by designated evidence.

possession of marijuana and a supporting Affidavit for Probable Cause.  Dkt. 56-1; dkt. 56-4; dkt. 56-8.

### B. Plaintiffs were detained at the Marion County Jail

Plaintiffs arrived at the Marion County Jail early in the morning of December 15, and on December 18, 2014, had their initial hearing before a judge of the Marion County Superior Court.  Dkt. 46-5; dkt. 49-5.  The courtroom minutes indicate that the judge informed Plaintiffs of the charges against them, advised them of their rights, and appointed public defenders to represent them.  Dkt. 46-5; dkt. 49-5.  The judge entered not guilty pleas on Plaintiffs' behalf, dkt. 46-5; dkt. 49-5, and stay away orders, dkt. 46-7; dkt. 49-7.[3]

On December 22, 2014, the judge entered an order releasing Plaintiffs from jail.  Dkt. 56-3 at 2; 56-7 at 3.  Mr. Caric was released that day at 11:33 p.m.  Dkt. 46-9.  Mr. Cummings was released the next day at 2:25 p.m.  Dkt. 49-9.  Plaintiffs argue that no probable cause determinations were made during their detention.  Dkt. 62 at 2–8.

### C. Plaintiffs pleaded guilty and were sentenced

On April 16, 2015, Plaintiffs pleaded guilty to criminal trespass and the state agreed to dismiss the possession of marijuana charges.  Dkt. 56-5; dkt. 56-9.  The court sentenced both Plaintiffs to 365 days in jail, with 349 days

---

[3] Plaintiffs contend that the Marion County judge ordered their release at the initial hearing, but they were not released until four days later.  Dkt. 62 at 3–4.  It is not necessary for the Court to resolve this issue because Plaintiffs received credit for all of the time they spent in jail and thus cannot recover damages.

suspended to probation for Mr. Caric and 347 days suspended for Mr. Cummings.  Dkt. 56-6; dkt. 56-10.  Mr. Caric had spent eight days in custody and was credited with those eight days.  Dkt. 56-6.  Mr. Cummings had spent nine days in custody and was credited with those nine days.  Dkt. 56-10.

### D. Plaintiffs' claims

Plaintiffs bring federal constitutional and state law claims.  For the federal claims under Section 1983, Plaintiffs allege that they were detained without judicial determinations of probable cause in violation of the Fourth and Fourteenth Amendments.  Dkt. 1-2 at 16–21.  For the state law claims, Plaintiffs allege that Defendants were careless and negligent when they falsely imprisoned them.  *Id.* at 21–22.

The parties filed motions for summary judgment on all claims.  Dkt. 44; dkt. 47; dkt. 55.  Plaintiffs did not respond to Defendants' arguments for summary judgment on the state claims.  *See* dkt. 62.  Those claims are therefore "deemed abandoned," *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008); *see Franklin v. Randolph Cty. Comm'rs*, 1:18-cv-01340, 2019 WL 3037181, at *4 (S.D. Ind. 2019), and Defendants' motion for summary judgment on the state claims is **granted**.

For the federal constitutional claim, Plaintiffs allege violations of the Fourth and Fourteenth Amendments.  Plaintiffs' claims under the Fourteenth Amendment cannot proceed because "[t]he injury of wrongful pretrial detention may be remedied under § 1983 as a violation of the Fourth Amendment, not the Due Process Clause." *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir.

4

2019).  Accordingly, Defendants' motion for summary judgment on claims under the Fourteenth Amendment is **granted**.

Therefore, the sole claim for the Court to adjudicate is Plaintiffs' federal constitutional claim alleging that their Fourth Amendment rights were violated when they were detained without judicial determinations of probable cause.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

Plaintiffs allege that their Fourth Amendment rights were violated when they were detained for an excessive length of time without a judicial determination of probable cause.  *See Gerstein v. Pugh*, 420 U.S. 103, 125 (1975) (states are required to "provide a fair and reliable determination of

probable cause as a condition for any significant pretrial restraint of liberty, . . . made by a judicial officer either before or promptly after arrest."); *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 57–58 (1991) (delay of more than 48 hours is presumed unreasonable and must be justified by the government). This claim is brought via 42 U.S.C. § 1983, which does not create substantive rights but "allow[s] a plaintiff to seek money damages from government officials who have violated his [Constitutional] rights." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); 42 U.S.C. § 1983.

Defendants argue that Plaintiffs lack standing to raise their claims because they received credit at sentencing for the time they were detained, and therefore have no damages. Dkt. 57 at 16–20 (citing *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017)). Without damages, Defendants contend, there is no redressable injury and therefore no Article III standing. *Id.* at 16–18. Because this issue is jurisdictional, the Court addresses it first. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 384 (7th Cir. 2019).

**A. Standing and the redressable injury requirement**

Under Article III of the Constitution, the "'judicial Power of the United States' . . . extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting Art. III §§ 1, 2). "Standing to sue is a

doctrine rooted in the traditional understanding of a case or controversy." *Id.*
at 1547.  To have standing, a plaintiff must have "(1) suffered an injury in fact,
(2) that is fairly traceable to the challenged conduct of the defendant, (3) that is
likely to be redressed by a favorable judicial decision." *Id.* at 1547; *Lujan*, 504
U.S. at 560.  An injury is redressable only if a plaintiff's injury still exists; if it
has been otherwise redressed, standing disappears.  *Hollingsworth v. Perry*,
570 U.S. 693, 705 (2013) (recognizing that "the inquiry under Article III
changed" and plaintiffs lacked redressability after they won an injunction that
was not appealed).

The Seventh Circuit has addressed redressability in the context of
unlawful pretrial detention in a recent trilogy of cases.  *See Ewell v. Toney*, 853
F.3d 911, 917 (7th Cir. 2017) ("[A] section 1983 plaintiff may not receive
damages for time spent in custody, if that time was credited to a valid and
lawful sentence."); *Bridewell v. Eberle*, 730 F.3d 672, 675 (7th Cir. 2013)
("Bridewell cannot receive damages for time spent in custody on a valid
sentence."); *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013)
("[A]ny presumption of damages is surely defeated in a case where all of the
time served is ultimately credited toward an unrelated weapons violation.").

*Ewell* held that a "section 1983 plaintiff may not receive damages for
time spent in custody, if that time was credited to a valid and lawful sentence."
853 F.3d at 917.  There, the plaintiff was arrested and detained for over 48
hours without a judicial determination of probable cause and without charges
being filed.  *Id.*  Three years later, the state filed charges, and she was

ultimately sentenced to two years' imprisonment. *Id.* at 916. The plaintiff sued

a district attorney and two detectives under Section 1983 for unlawful

detention. *Id.* at 915. The Seventh Circuit held that since the time in pretrial

detention was credited to a lawful sentence, she was not "entitled to seek

damages." *Id.* at 917 ("Without a redressable injury, Ewell lacks Article III

standing to press this claim.").

   The holding in *Ewell* did not plow new ground. Indeed, in *Ramos*, the

plaintiff brought a Section 1983 action alleging constitutional violations after

being arrested for, charged with, and acquitted of residential burglary. 716

F.3d at 1014. At the time of that arrest, he had posted bond on pending

weapon charges. *Id.* at 1015. The bond was revoked when he was charged

with burglary, and he remained in custody until his acquittal on the burglary

charge. *Id.* He later pleaded guilty to one weapon charge, was sentenced to 3

years' imprisonment, and received credit time for the days that he served from

his burglary arrest until the acquittal. *Id.* The plaintiff argued that damages

were presumed for the jail time, but the Seventh Circuit held that "any

presumption of damages is surely defeated" by his receiving credit time. *Id.* at

1020.

   And in *Bridewell*, the plaintiff was arrested for murder while she was

already under indictment released on bail for drug charges. 730 F.3d at 675.

After 63 hours' detention, the plaintiff was brought before a judge, who found

probable cause to hold her on the murder charge and revoked her bail on the

drug charges. *Id.* at 676. After three years in custody, the murder charge was

dismissed, the plaintiff pleaded guilty to simple possession of cocaine, and she was sentenced to "time served[.]"  *Id.* at 675.  She sued alleging unlawful detention and, relying on *Ramos*, the Seventh Circuit concluded that because the plaintiff received credit for the days spent in custody against her sentence for the drug charge, she could not receive damages for the time spent in custody.  *Id.* at 677 ("Bridewell cannot receive damages for time spent in custody on a valid sentence.").

### B. Plaintiffs lack standing because they have no redressable injury

Defendants argue that Plaintiffs' Fourth Amendment claims are foreclosed by *Ewell* because they received credit at sentencing for the time they were detained.  Dkt. 57 at 16–20.  Without damages, Defendants contend, there is no redressable injury and therefore no Article III standing.  *Id.*

Plaintiffs respond that they have standing and can recover, at minimum, nominal damages despite *Ewell* because they sued the defendants who were responsible for their overlong detention.  Dkt. 62 at 17–18.  They also argue that *Ewell* is factually distinguishable because the plaintiff there: (1) received a judicial determination of probable cause and was denied bail; (2) was charged with serious felonies; and (3) received credit against a definite term of imprisonment that was not based on the time of pre-trial detention.  *Id.* at 20.

### 1. Plaintiffs cannot recover damages for the time they spent in custody

Plaintiffs seek monetary damages as compensation for their detention. Dkt. 1-2 at 9, 23–24 (¶ 1).  They do not dispute that they received credit for the

time they were detained as part of the sentences imposed under their plea agreements. *See* dkt. 56-6; dkt. 56-10. Even if Plaintiffs were held too long without a probable cause hearing in violation of their Fourth Amendment rights, that credit time alone bars Plaintiffs from recovering damages for the time they spent in custody.[4] *Ewell*, 853 F.3d at 917 ("a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence.").

Plaintiffs nevertheless argue that *Ewell* allows nominal damages even when compensatory damages are foreclosed. Dkt. 62 at 17–18. In *Ewell* the court stated that "[e]ven if [the plaintiff] could show at least nominal damages," she did not sue the proper defendants for a *Riverside* claim. 853 F.3d at 918. But *Ewell* did not hold that the plaintiffs could have otherwise succeeded with a claim for nominal damages or create an exception to the rule that damages may not be recovered where the time spent in detention is later credited to a lawful and valid sentence. *See id.* Plaintiffs have not cited any cases holding otherwise.

Plaintiffs' claims are within *Ewell*'s scope, so they cannot recover damages for the time they were detained. Without damages there is no redressable injury, and without a redressable injury, Plaintiffs lack Article III

---

[4] Plaintiffs seek damages only for their loss of liberty. *See* Dkt. 1-2 at 9, 12–14, 21 (¶¶ 1, 13, 17, 21, 24, 27, 30, 66–69); dkt. 64 at 1, 4–7, 12 (¶¶ 1, 12, 15, 19, 23, 26, 29, 56–59). The Court therefore does not decide whether the outcome could be different in a case where the plaintiff alleged that additional injuries—separate and distinct from the loss of liberty—were caused by the constitutional violation.

standing.  *Ewell*, 853 F.3d at 917 (citing *Lujan*, 504 U.S. at 560–62 ("[w]ithout a redressable injury, [they lack] Article III standing to press this claim."))[5]

### 2. *Ewell* controls even though some facts are different

Plaintiffs argue that *Ewell* is not controlling because this case is factually distinguishable.  Dkt. 62 at 20.  First, they contend that the judge in *Ewell* found probable cause and denied bail, whereas here the judge never made probable cause determinations.  Dkt. 62 at 15–16.  In *Ewell*, the question was "whether Ewell is entitled to damages for time spent in custody that was fully credited to her state sentence."  853 F.3d at 917.  One reason the plaintiff could not show damages was that the judge ultimately found probable cause and denied bail.  *Id.* at 918.  But that does not undermine the holding that the plaintiff's "time in custody was later credited to a criminal sentence on another charge, [so] she could not receive damages for the time she spent in custody after her arrest."  *Id.*

The *Ewell* court could have narrowed or qualified *Bridewell*'s holding— that "Bridewell cannot receive damages for time spent in custody on a valid sentence", 730 F.3d at 675—but it didn't.  Instead, it held, "a section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence."  *Id.*  at 917.  Therefore, whether probable cause determinations were made here—a factual issue that the Court need not decide—does not matter because under *Ewell*, the receipt of credit

---

[5] Because Plaintiffs lack standing, the Court does not address their arguments that Defendants had no policy or procedure for releasing arrestees that were nearing or above the 48-hour limit of detention without a judicial determination of probable cause dkt. 45 at 10; dkt. 48 at 10.

time alone bars Plaintiffs from receiving damages for their time spent in custody.

Plaintiffs next distinguish *Ewell* and *Bridewell* on the basis that unlike the plaintiffs in those cases, Plaintiffs here were charged with non-violent misdemeanors.  Dkt. 62 at 16.  Plaintiffs contend that "a more stringent standard applies to the acceptable length of pre-trial confinement" in such cases.  *Id.* (citing *Chortek v. City of Milwaukee*, 356 F.3d 740 (7th Cir. 2004); *Bergren v. City of Milwaukee*, 811 F.2d 1139, 1143 (7th Cir. 1987); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1350–51 (7th Cir. 1985)).  But the stringency of the standard goes to whether there was a violation, not whether a plaintiff can recover damages.  Moreover, nothing in *Ewell* suggests that its holding is limited to cases involving serious felonies or does not apply to cases involving non-violent misdemeanors.

Last, Plaintiffs attempt to take this case out of *Ewell*'s scope by arguing that their plea agreements were "time served" pleas.  Dkt. 62 at 19.  They argue that they were sentenced to time served but should have only been detained for 48 hours or less.  *Id.* at 20.  Therefore, the amount of time they were detained beyond 48 hours exceeded what was called for in a "time served" plea agreement and was illegal.  *Id.*  But Plaintiffs' argument is not supported by designated evidence.

The plea agreements were more specific than simply crediting "time served."  *See* dkt. 56-5; dkt. 56-9.  Each plea agreement called for a sentence of 365 days' jail time.  *Id.*  Mr. Caric received 8 days' credit for the time he was

12

detained.  Dkt. 56-5; 6.  While the remaining 349 days of jail time was suspended, he still had to serve those days on probation.  *Id.*  And the suspended jail time was contingent upon his successful completion of probation.  *Id.*  Similarly, Mr. Cummings received 9 days' credit for the time he was detained.  Dkt. 56-9; 10.  Like with Mr. Caric, the balance of Mr. Cummings' jail sentence—348 days—was suspended but had to be served on probation.  *Id.*  Under the plea agreements, then, Plaintiffs were not sentenced to an uncertain "time served," but to a specific term with specific amounts of time spent in pretrial detention credited to that term.

Furthermore, Plaintiffs did not designate any evidence that the judge would still have sentenced them to time served if the time served had been 48 hours or less.  *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.") (internal quotation and citation omitted).

Plaintiffs do not contest that their pretrial detention was credited towards their sentences.  *See* dkt. 56-6; dkt. 56-10.  Under *Ewell,* a "section 1983 plaintiff may not receive damages for time spent in custody, if that time was credited to a valid and lawful sentence."  853 F.3d at 917; *Bridewell*, 730 F.3d at 677; *Ramos*, 716 F.3d at 1020.  The crediting is what eliminates the damages.  *See Ewell*, 853 F.3d at 917; *Bridewell*, 730 F.3d at 677; *Ramos*, 716 F.3d at 1020.

\*        \*        \*

Plaintiffs may not recover damages for time spent in custody that was credited toward a lawful and valid sentence.  Thus, they have no redressable injury and lack Article III standing.  Defendants are therefore entitled to summary judgment.  *See Lujan*, 504 U.S. at 563–64, 78.

**IV.**
**Conclusion**

Defendants' motion for summary judgment, dkt. [55], is **GRANTED**. Plaintiffs' Motions for Summary Judgment, dkt. [44]; dkt. [47], are **DENIED**. Plaintiff's motion to amend the complaint, dkt. [64], is **DENIED as moot** because its allegations do not affect whether Plaintiffs received credit time or what damages are sought.  Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 4/30/2020

Distribution:

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

D. Lance Wittry
WITTRY LAW OFFICE
lance@lawyerindiana.com

James Patrick Hanlon
United States District Judge
Southern District of Indiana

14